IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RICKY N. BREWER,**
**Claimant Below, Petitioner**

**FILED**
**March 25, 2024**

C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 23-ICA-436**          (JCN: 2023008300)

**AMERICAN ELECTRIC POWER COMPANY, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Ricky N. Brewer appeals the August 31, 2023, order of the Workers' Compensation Board of Review ("Board"). Respondent American Electric Power Company, Inc., ("AEP") filed a response.[1] Mr. Brewer did not file a reply. The issue on appeal is whether the Board erred in affirming the claim administrator's order, which denied the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Brewer filed an Employees' and Physicians' Report of Occupational Injury dated October 12, 2022, alleging that he developed bilateral osteoarthritis of the hips as a result of his employment with AEP. Rachel Baisden, CFNP/APRN, completed the physician's portion of the application and diagnosed Mr. Brewer with an occupational disease resulting in chronic bilateral hip pain. On October 20, 2022, the claim administrator issued an order rejecting the claim due to the finding that Mr. Brewer's injury did result from his employment. Mr. Brewer protested this order.

On January 27, 2023, Mr. Brewer was deposed. He testified that he worked for AEP as a lineman for twenty-five years. Mr. Brewer stated that his job required him to climb forty-five-foot power poles and make repairs, which caused strain on his hips and back. Mr. Brewer further testified that the repairs could take around thirty minutes to several hours. Mr. Brewer stated that he worked five days a week for up to sixteen hours a day. Mr. Brewer testified that his hip symptoms began ten to fifteen years prior and that he

---

[1] Mr. Brewer is represented by Donald C. Wandling, Esq. AEP is represented by James W. Heslep, Esq.

sought treatment, but he did not receive any specific treatment. Mr. Brewer testified that, prior to working for AEP, he worked as an underground coal miner, which required him to crawl on his knees in three-foot-tall mines, six days a week, for eight to nine hours a day. Mr. Brewer denied any specific injuries to his hips.

On March 14, 2023, Mr. Brewer was evaluated by Bruce Guberman, M.D. Dr. Guberman reviewed Mr. Brewer's medical records from Matthew Bullock, D.O., an orthopedic surgeon who recommended that Mr. Brewer undergo bilateral total hip arthroplasty.[2] Dr. Guberman noted tenderness and range of motion abnormalities in both of Mr. Brewer's hips. Dr. Guberman opined, to a reasonable degree of medical probability, that Mr. Brewer would not have developed severe arthritis, nor would he need bilateral total hip replacement if not for his employment at AEP.

David Soulsby, M.D., performed a record review and drafted a report dated May 5, 2023. Dr. Soulsby noted that Dr. Bullock diagnosed Mr. Brewer with primary osteoarthritis of the bilateral hips. Dr. Soulsby indicated that primary osteoarthritis develops without a known cause and, thus, cannot be associated with factors such as employment.

Mr. Brewer submitted an online article from Johns Hopkins regarding hip arthritis. The article indicates that, while age is the most common cause of hip arthritis, other factors, such as employment, can also increase the risk of developing hip arthritis.

On August 31, 2023, the Board affirmed the claim administrator's orders. The Board found that Mr. Brewer failed to establish a causal connection between his diagnosis of bilateral osteoarthritis of the hips and his employment with AEP. Mr. Brewer now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;

---

[2] The records from Dr. Bullock were not submitted to the Board, but they were referenced by both Drs. Guberman and Soulsby.

(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*Duff v. Kanawha Cnty. Comm'n*, 247 W. Va. 550, 555, 882 S.E.2d 916, 921 (Ct. App. 2022).

On appeal, Mr. Brewer argues that the Board erred in finding that Dr. Soulsby's opinion was more persuasive than Dr. Guberman's when Dr. Soulsby failed to state that his opinion was to a "reasonable degree of medical probability." Further, Mr. Brewer argues that Dr. Guberman opined that Mr. Brewer would not require total bilateral hip arthroplasty if not for his employment with AEP. Mr. Brewer also argues that Ms. Baisden opined that Mr. Brewer's symptoms were a result of his employment. Finally, Mr. Brewer argues that medical literature from Johns Hopkins states that a risk factor for hip arthritis is "jobs and sports that require physically repetitive motions that place stress on the hip can increase risk for developing osteoarthritis." We disagree.

Here, the Board found Dr. Soulsby's opinion that Mr. Brewer's diagnosis of primary osteoarthritis of the bilateral hips was unrelated to his employment to be the most persuasive. The Board noted that Dr. Guberman did not address the possibility that Mr. Brewer's osteoarthritis was age-related rather than occupational. Ultimately, the Board found that Mr. Brewer failed to establish a causal connection between his employment and his diagnosis of bilateral osteoarthritis of the hips based on the medical evidence of record.

Upon review, we cannot conclude that the Board was clearly wrong in finding that Mr. Brewer failed to establish a causal connection between his employment and his diagnosis of bilateral osteoarthritis of the hips. As the Supreme Court of Appeals of West Virginia has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Syl. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's order rejecting the claim.

Further, we find no merit in Mr. Brewer's argument that Dr. Soulsby's report should not have been found to be the most reliable because he did not specifically state that his opinion was to a "reasonable degree of medical probability." The Board noted that Dr. Soulsby considered both occupational and non-occupational factors in his report and gave adequate reasoning for his finding that Mr. Brewer's osteoarthritis was age related rather than occupational. The Board was not clearly wrong in finding that Dr. Soulsby's report was more reliable than the report of Dr. Guberman and the opinion of Ms. Baisden.

Additionally, we find that the Board was not clearly wrong in finding that the medical literature provided by Mr. Brewer fails to adequately establish a causal connection between his employment and his diagnosis of bilateral osteoarthritis of the hips. The article indicates that occupation can be a risk factor for hip arthritis, but it does not establish that Mr. Brewer's occupation caused bilateral osteoarthritis of the hips.

Accordingly, we affirm the Board's August 31, 2023, order.

Affirmed.

**ISSUED:** March 25, 2024

**CONCURRED IN BY:**

Judge Charles O. Lorensen
Judge Daniel W. Greear


Chief Judge Thomas E. Scarr, not participating

4